IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-00415-MSK

WILLIE CLARENCE RICHARDSON,

        Plaintiff,

  v.

JAMES COFFMAN, and
SWIFT TRANSPORTATION CO., INC.,

        Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court on Defendants' Motion for Reconsideration **(#7)**, to which no response was filed. Having considered Defendants' motion, the Court **FINDS** and **CONCLUDES** that

Plaintiff Willie Clarence Richardson initially filed this action in the Denver County District Court. Defendants removed the action to this Court asserting diversity jurisdiction. However, this Court *sua sponte* remanded the case **(#6)** to the Denver County District Court because neither the Notice of Removal nor the State Court Complaint set forth specific facts, which if true, would demonstrate that the amount in controversy is at least $75,000.

Defendants now move for reconsideration of the of the Order of Remand.[1] To establish

---

[1] The federal rules do not recognize a motion for reconsideration. Rather, depending on whether it is filed within ten days of the order it refers to, such a request is construed as either a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), or a motion for relief from a judgment under Fed. R. Civ. P. 60(b). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Here, Defendants'

the amount in controversy, they submit a settlement demand letter from Mr. Smith in which he asserts that his medical bills to date were over $80,000 and offers to settle the action for $350,000.

Such evidence may have been sufficient to establish the requisite amount in controversy if filed with the Notice of Removal. However, the entrance of the Order of Remand deprives the Court of jurisdiction to reconsider or review that order. *See e.g.*, 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]"). Indeed, upon remand to state court, a district court cannot reconsider or review its remand order as it has no jurisdiction to retrieve the case from the state courts. *See Miller v. Lambeth*, 443 F.3d 757, 759–60 (10th Cir. 2006); *Seedman v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988); *Maggio Enters. v. Hartford Cas. Ins. Co.*, 132 F.Supp.2d 930, 930–31 (D. Colo. 2001).

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration **(#7)** is **DENIED**.

Dated this 9th day of October, 2009

                                                **BY THE COURT:**

                                                Marcia S. Krieger
                                                United States District Judge

---

motion was filed within ten days of the Order of Remand and is therefore properly considered under Fed. R. Civ. P. 59(e). However, as discussed *infra*, it is irrelevant which federal rule applies, as this Court lacks jurisdiction to consider either type of motion.